OPINION
 STATEMENT OF THE CASE AND FACTS
Lyndon G. Perry appeals his conviction in the Perry County Court upon a charge of D.U.I. in violation of R.C. 4511.19(A)(1). The trial court overruled the motion to suppress. Appellant pled no contest, and was sentenced on this charge. He was also found guilty and sentenced on a charge of Driving Under Suspension, R.C. 4507.02(B)(1). He appeals, assigning a single error:
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS STATEMENTS MADE DURING CUSTODIAL INTERROGATION AND IN VIOLATION OF APPELLANT'S RIGHTS AS PROTECTED AND GUARANTEED UNDER THE FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
Appellant has failed to comply with Local Rule 9(A)(1), in that he has not attached a copy of the judgment from which he appeals. Nevertheless, in the interests of justice, we entertain the appeal on its merits. The State has failed to file an appellee's brief. Thus, we conclude the factual representations of the Appellant are correct. App.R. 18(C). At the hearing upon the Motion to Suppress, the officer clearly stated that when he arrived at the scene the Appellant was in custody:
 Q. He was a suspect then [on domestic violence investigation] upon confronting him for a D.U.I., was he not?
A. Yes.
Q. He was the only suspect for D.U.I. that you had?
A. Yes.
 Q. And you knew at the time you was going to make a D.U.I. arrest?
 A. I knew I was going to have to move forward, yes, with this.
Q. And you continued to question him did you not?
A. Yes.
 Q. And he responded to those questions and indicated that he had been drinking all day and was attempting to leave?
A. Yes
 Q. So, really there were two reasons that he wasn't allowed to leave after you first with him wasn't there?
 A. Yes, I didn't want him to drive after initially speaking with him.
 Q. One was the domestic violence and one was probably you were going to make an arrest for D.U.I?
A. Yes. T. 9, 10.
Appellant was required to stand by his motor vehicle while the officer investigated a possible domestic violence offense. He was in the company of three other police officers. One of the three deputies told Appellant where to stand and not to move. Appellant did not believe he could refuse to answer questions or leave the area as a result of the directives of the deputies, their presence, and surveillance of him. We conclude that Appellant was "in custody" within the meaning of the requirement that he thereupon was entitled to be advised of his Miranda rights as a condition of subsequent statements made being admissible at trial. This is not a situation comparable to, and covered by, the rationale of questioning a motorist as a consequence of a routine traffic stop, adopted in Berkemer v. McCarty (1984), 468 U.S. 420. Here Appellant was in custody, was deprived of freedom in a significant way, and was entitled to a Miranda warning as a precondition of admission of his subsequent answers to the law officers' questions. Miranda v. Arizona (1966), 384 U.S. 436. The single assignment of error is sustained. Appellant's conviction of a violation of R.C. 4511.19(A)(1) is reversed. The cause is remanded to the trial court for potential retrial upon these charges.
The conviction of appellant for driving under suspension in violation of R.C. 4507.02(B)(1) is sustained; however, appellant is entitled to be resentenced inasmuch as the original sentence was collateral to the D.U.I. sentence.